# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA-JO HUNTER TELLEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DONALD J. PROIETTII,<br><br>　　　　　Defendant.<br>_____/ | Case No. 1:24-cv-00408-KES-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND**<br><br>(Doc. 1)<br><br>**TWENTY-ONE DAY DEADLINE** |

　　　Plaintiff Sheila-Jo Hunter Tellez ("Plaintiff") proceeds *pro se* and *in forma pauperis* in this action. (Docs. 1, 3.) The complaint, filed on April 5, 2024, names as Defendant Donald J. Proietti, Judge of the Superior Court of California, County of Merced ("Judge Proietti").[1] (Doc. 1 at 2.) Plaintiff challenges the issuance of orders against her by Judge Proietti during a probate action that established a decedent's estate's claim of ownership to property and directed its transfer to that estate. (*Id*. at 3, 4–9.)

　　　The Court concludes that the complaint fails to state any cognizable claims and recommends dismissal without leave to amend.

## I.　　SCREENING REQUIREMENT

　　　Where the plaintiff is proceeding *in forma pauperis* (Doc. 3), the Court is required to screen each case and dismiss the case at any time if the Court determines the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or

---

[1] Judge Proietti's name is misspelled as "Proiettii" in the caption of the complaint. (*See* Doc. 1 at 1.)

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

In the statement of claim, Plaintiff states that orders issued by Judge Proietti against her during a probate case in which she appeared as an *in pro per* respondent and that established the Estate of Robert Alan Hunter's claim of ownership to property and directed its transfer to the Estate are in "violation of Article 3 and the 14th Amendment of the United States, making it [*sic*] a lawful NULLITY." (Doc. 1 at 3, 4–9.) Plaintiff requests that the Court "declare the orders a [n]ullity, having [n]o government force of law." (*Id*. at 3.)

## III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

**A.    This Court Lacks Subject Matter Jurisdiction Under the *Rooker-Feldman* Doctrine**

Under the *Rooker-Feldman* doctrine, a district court has no jurisdiction to review errors allegedly committed by state courts. *Rooker v. Fidelity Trust* Co., 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). "The *Rooker-Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment."

*Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (citing *Skinner v. Switzer*, 562 U.S. 521, 531-32 (2011)). "The purpose of the Doctrine is to protect state court judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n.16).

To determine whether the *Rooker-Feldman* doctrine applies, a district court first must determine whether the action contains a forbidden *de facto* appeal of a state court decision. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). A *de facto* appeal exists when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Id*. at 1164. If "a federal plaintiff seeks to bring a forbidden *de facto* appeal, . . . that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden *de facto* appeal is brought." *Id*. at 1158. "Simply put, 'the United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings.'" *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (quoting *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986)).

The *Rooker-Feldman* doctrine applies even when a state court judgment is not made by the highest state court, *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994), or when a state court order is not final, *Worldwide Church of God*, 805 F.2d at 893 n.3. It also applies when a plaintiff's challenge to the state court's actions involves federal constitutional issues. *Feldman*, 460 U.S. at 483–84.

Here, Plaintiff essentially seeks an order overturning the adverse decisions of Judge Proietti establishing an estate's claim of ownership to property and directing its transfer to the estate. (Doc. 1 at 3, 4–9.) She asserts as a legal wrong the allegedly erroneous state court orders and seeks relief from those decisions. Plaintiff's claim is plainly a *de facto* appeal of Judge Proietti's rulings, and the issues raised in this action are "inextricably intertwined" with Judge Proietti's orders from which the forbidden *de facto* appeal is taken. *See Noel*, 341 F.3d at 1158. Thus, the Court lacks jurisdiction

over this action under the *Rooker-Feldman* doctrine, and the complaint should be dismissed.

**B.     Judge Proietti is Entitled to Immunity**

Even if the *Rooker-Feldman* did not preclude this action, Plaintiff's action against Judge Proietti would be subject to dismissal.  It is well established that judges are absolutely immune from civil suits for acts performed in their judicial capacities.  *See Antoine v. Byers & Anderson, Inc*., 508 U.S. 429, 435 & n.10 (1993); *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 357-60 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."  *Bradley v. Fisher*, 80 U.S. 335, 347 (1872).  Absolute judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996).  Absolute judicial immunity applies not only to suits for damages, but also "to actions for declaratory, injunctive and other equitable relief."  *Mullis v. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987).

Plaintiff alleges that Judge Proietti's orders violate the U.S. Constitution and are therefore a "nullity."  (Doc. 1 at 3.)  There are only two situations in which a judicial officer will not be entitled to judicial immunity.  "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Mireles*, 502 U.S. at 11–12 (internal citations omitted).  The Supreme Court has stated that "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e*., whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e*., whether they dealt with the judge in his judicial capacity."  *Stump*, 435 U.S. at 362.

Here, Plaintiff's claim against Judge Proietti is based solely on acts performed in his judicial capacity: Plaintiff complains about the orders establishing the Estate of Robert Alan Hunter's claim of ownership to property and directing its transfer to the Estate that are signed by Judge Proietti and attached to the complaint.  Moreover, there are no facts alleged that Judge Proietti's acts were taken

4

in the complete absence of jurisdiction.  Rather, it appears the acts complained of, *i.e.*, the issuance of the adverse orders, were taken during the course of a probate case in Merced County Superior Court in which Plaintiff appeared *in pro per* as a respondent.  (*See* Doc. 1 at 4–9.)

Accordingly, Judge Proietti is entitled to absolute judicial immunity, and Plaintiff's claim against him must be dismissed.

**C.     Leave to Amend is Not Recommended**

The undersigned is mindful that, in general, a *pro se* litigant in a civil rights action should be given "notice of the deficiencies in his or her complaint" and provided with an opportunity to amend the complaint to overcome such deficiencies.  *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).  In this case, however, the complaint's deficiencies cannot be cured and amendment would be futile.  *See, e.g., Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011); *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (leave to amend is not appropriate when "the pleading could not possibly be cured by the allegation of other facts") (internal quotation marks omitted); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) ("there is no need to prolong the litigation" when "basic flaw" in pleading cannot be cured by amendment).

For the reasons set forth above, the undersigned recommends that Plaintiff's complaint be dismissed, without leave to amend.

### IV.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's complaint be dismissed, without leave to amend; and
2. The Clerk of Court be instructed to close the case.

These findings and recommendation will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  **Within twenty-one (21) days after being served** with these findings and recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

5

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 22, 2024**                     /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE