UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA-JO HUNTER TELLEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>DONALD J. PROIETTII,<br><br>    Defendant. | Case No. 1:24-cv-00408-KES-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CASE WITHOUT LEAVE TO AMEND<br><br>Doc. 4 |

    Plaintiff Sheila-Jo Hunter Tellez proceeds pro se and in forma pauperis in this civil action initiated on April 5, 2024. Docs. 1, 3. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On April 23, 2024, the assigned magistrate judge screened plaintiff's complaint and issued findings and recommendations recommending that this action be dismissed without leave to amend for failure to state a cognizable claim. Doc. 4. On May 8, 2024, plaintiff timely filed objections. Doc. 5. Plaintiff focuses her objections on three purportedly analogous cases, one of

1

1  which appears to be fictitious, and the remaining two of which do not support her argument.[1]  In

2  any event, plaintiff's objections are unpersuasive.  Plaintiff contends that this Court has

3  jurisdiction to review constitutional questions regarding a state court "judge signing orders out of

4  capacity or 'in vacation.'"  Doc. 5 at 3.  It is unclear exactly what plaintiff is referring to, however

5  to the extent she argues that the order she seeks to appeal was not a judicial action, her complaint

6  squarely challenges court orders by a state judge regarding an estate's claim of ownership to

7  property.  *See* Doc. 1 at 3.  As the magistrate judge noted, under the *Rooker-Feldman* doctrine,

8  this Court lacks jurisdiction to review such orders.

9       In accordance with 28 U.S.C. § 636(b)(1), this Court conducted a de novo review of this

10  case.  Having carefully reviewed the matter, including plaintiff's objections, the Court concludes

11  that the findings and recommendations are supported by the record and proper analysis.

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

---

[1] Plaintiff cites "*Lockhart v. Fretta*, 766 F.3d 505 (8th Cir. 2014)," "*Centifanti v. Nix*, 865 F.3d 384 (3rd Cir. 2017)," and *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005).  *Lockhart* does not appear to be a real case by a search of its name or citation.  *Centifanti* appears to be a real case, but with an incorrect citation, and it was decided in 1989, not 2017.  *See Centifanti v. Nix*, 865 F.2d 1422, 1424 (3rd Cir. 1989).  Plaintiff's objections misrepresent the holding of *Centifanti*, asserting that the court held that the "Rooker-Feldman doctrine does not apply to a constitutional question regarding a judge signing orders out of capacity or in vacation."  Doc. 5 at 2.  *Centifanti* does not support plaintiff's claim that she may challenge in federal district court various orders from her state court case.  Rather, *Centifanti* held that the district court had jurisdiction over a constitutional challenge seeking prospective declaratory relief as to a state rule.  *Exxon* is a Supreme Court case discussing the *Rooker-Feldman* doctrine but provides no support for plaintiff's argument in this case.  Plaintiff is warned that submitting a fictitious case citation and summary to the Court may be grounds for sanctions under Rule 11 of the Federal Rules of Civil Procedure.

Accordingly:

1. The findings and recommendations issued on April 23, 2024, Doc. 4, are adopted in full;
2. This action is dismissed without leave to amend; and
3. The Clerk of Court is directed to terminate all pending motions and close this case.

IT IS SO ORDERED.

Dated:   August 3, 2025

_____
UNITED STATES DISTRICT JUDGE

3